Rawson *vs.* Coffin.

---

WILLIAM A. RAWSON, plaintiff in error, *vs.* Z. S. COFFIN, trustee, defendant in error.

1. When defendant in *fi. fa.* went into possession of land after the date of the judgment under bond for titles, and paid part of the purchase money, and then sold the land to claimant, who took title by deed from the vendor to defendant, with the assent and by direction of the defendant, the land is subject to the execution.

2. The entire estate should be sold and the vendor be paid the balance of the purchase money out of the fund raised from the sale, and the plaintiff in *fi. fa.* be then paid the amount of his execution, and the remainder, if any, be paid to the claimant.

3. The jury may so mould their verdict that the rights of all parties shall be protected, and the fund divided according to their respective rights.

Levy and sale. Executions. Bond for titles. Verdict. Before Judge JAMES JOHNSON. Stewart Superior Court. April Term, 1875.

Reported in the opinion.

JOHN T. CLARKE, by JACKSON & CLARKE, for plaintiff in error.

No appearance for defendant.

JACKSON, Judge.

In June, 1862, Rawson obtained judgment against the Pressleys, which was kept alive until levied upon the land in dispute. One Ward rented the land levied on in 1860 to Pressley, and in the summer of the same year sold it to him, giving him a bond for titles thereto, for the contract price of $1,600 00. Pressley thenceforward controlled it as his own, and paid $1,100 00 of the purchase money, and remained thus in possession till 1870. He then sold to Coffin, the claimant, and Ward made a deed to Coffin, with the assent and direction of Pressley, on condition that Coffin would pay him, Ward, $150 00, $100 00 of which was paid, and $50 00 is still owing to Ward of the purchase money. When the land was levied on by the judgment and *fi. fa.* of Rawson, Coffin claimed it; the case was tried, and the court charged that the land was not subject on the foregoing facts which were admitted. The jury so found, and the question is, was the land subject?

We think the court erred. The land was subject, and when sold the fund was liable to Ward, first for the balance of the unpaid purchase money; to Rawson next for payment of his *fi. fa.*, and if any part of the fund remained, then the balance to the claimant. The Code and this court settle the principle beyond controversy, and it was in the power of the

jury, under the direction of the court, to mould the verdict, and the court to have rendered judgment accordingly : Code, section 3586 ; 25 *Georgia Reports,* 42 ; 38 *Ibid.,* 191 ; 49 *Ibid.,* 60 ; Code, section 3562.

Judgment reversed.