## GRICE & RYAN *vs.* HASKINS.

1. L. bought a mule from R. & G. for $194 00, paid $100.00 of that amount and gave his note for the balance, by the terms of which the title to the mule was to remain in the vendors until it was fully paid for.    At the same time, the purchaser gave to the vendors a mortgage on another mule, as further security for the payment of the note, which was due on November 1, 1883.    The mortgage and note were both recorded in due time.    On June 6, the purchaser was committed to jail, and on June 8, he directed R. to take possession of the mule, surrendering his right to redeem the same. R. applied to one H., who had possession of the mule, for it. The latter at first declined to deliver possession, but made an arrangement with R. (who had become sole owner of the note and mortgage) by which he paid the full amount of the note and took from R. a written transfer and assignment of the mortgage, dated June 8. On August 2 thereafter, L., the original purchaser, executed to other parties a mortgage on the same mule.    This was foreclosed, a levy made, and H. claimed it :

*Held*, that this amounted to a sale by L. to R. and by R. to H. ; that the right of redemption and possession passed out of the original purchaser, L., prior to the making of the mortgage by him on August 2; that he gave possession to R. as far as he could, and that the latter was fully authorized to dispose of it, and did dispose of it by the arrangement with H. ; and that there was nothing to which the lien of the mortgage made on August 2 could attach.

(*a.*) Writing is not necessary to pass the title to personal property. This may be affected by sale and delivery; and the assignment of the mortgage by R. to H. was unnecessary to vest the title to the mule in the latter.

(*b.*) If error at all, it did not injure the plaintiffs that the court rejected evidence to show that on a former trial H. had stated that the only title he claimed was derived from R. under the transfer of the note and mortgage.

2. If the first incumbrance on the title of the mule had not been removed by the surrender of it and the right of possession thereto, still, the subsequent mortgagees were not innocent and *bona fide* mortgagees or purchasers, the paper reserving the title having been properly recorded.

(*a.*) The omission of the clerk to enter the fact of the record on the paper, if true, did not invalidate or effect its registry; but under the facts of this case, it would be going far to hold that the record was not duly entered on the paper containing the contracts in reference to the retention of the title.

3. Aside from the parting with the right to redeem before the making of the mortgage to the plaintiffs, if they desired, by equitable pleadings in a claim case under the foreclosure of their mortgage, to recover the amount which their debtor had paid in part for the purchase money of the mule, it was incumbent on them to pay or tender that portion of the purchase money which they admitted to be still due.

(*a.*) Whether such a claim, if properly pleaded, would have been available, see 55 *Ga.*, 348 and citations; 54 *Id.*, 690, 691.

September 16, 1884.

Sales. Contracts. Debtor and Creditor. Vendor and Purchaser. Title Liens. Registration. Record. Equitable Pleadings. Before R. M. HODGE, Esq., Judge *pro hac vice*. Pulaski Superior Court. May Term, 1884.

Reported in the decision

GRICE & RYAN, in *propriis personis*, for plaintiffs in error.

KIBBEE & MARTIN, for defendant.

HALL, Justice.

One Lovett purchased of Roberts & Gurr a mule named "Babe," at the price of $194, and paid them in cash one

hundred dollars of this amount, giving them his note for $94, by the terms of which the title to the mule was to remain in Roberts & Gurr until it was fully paid for. At the same time, Lovett gave Roberts & Gurr a mortgage upon another mule named "Mollie," as a further security for the payment of the note. The note and mortgage were both written on the same sheet of paper; both were duly attested by E. C. Smith, a notary public of Pulaski county; both bore the same date, and were due on the first day of November, 1883, and both were duly recorded within time (the entry of record on February 16th, 1884, as it appears in the record, is a mistake in copying; it should have been 1883, as was admitted by both parties on the hearing in this court, and as is apparent from other parts of the record). Lovett was committed to jail on the 6th day of June, 1883, and on the 8th day of that month, he directed Roberts to take possession of the mule, Babe, surrendering to him his right to redeem the same. Roberts applied to Harkins, who had possession of the mule, to deliver her up, but Harkins at first declined to do so ; he subsequently, however, on the same occasion, made an arrangement with Roberts (who had become the sole owner of the note and mortgage, by an agreement with his partner) by which he paid him the full amount of the note and took from him a written transfer and assignment of the mortgage ; this transfer was dated 8th of June, 1883. On the 2d day of August, 1883, Lovett executed a mortgage to Grice & Ryan, conveying to them "one bay mare mule named 'Babe,' bought from W. M. Roberts, of Hawkinsville, Ga.," to secure the payment of a note of the same date given by Lovett to them. This mortgage was foreclosed, and an execution issued on the judgment of foreclosure on the 4th day of August, 1883, which was levied on the mortgaged property two days thereafter. To this levy Harkins interposed his claim, and upon the trial of the issue thus formed, the jury found the property not subject, and the plaintiffs, Grice & Ryan, made a motion for a new trial upon various

grounds, which was refused, and they brought the case here for review.

It is not necessary to set out specifically and in detail the several grounds of this motion, as, in the view we take, most of them are inapplicable to the case as made by the evidence.

1. Was this, under the facts, a sale by Lovett to Roberts and by Roberts to Haskins, the claimant? Did the right of redemption and possession both pass out of Lovett prior to the transaction with Grice & Ryan? We think so, and that by the arrangement made by Lovett with Roberts in the jail, on the 8th day of June, 1883, Lovett relinquished to Roberts his right to redeem, and gave him the possession of the mule, so far as he could do so under the circumstances. This being the case, Roberts was fully authorized to dispose of the mule, and he did so dispose of it by the arrangement he made with Haskins. It is evident that he parted with all title and interest he had in the animal by this agreement; to affect the vesting of the title in Haskins, the assignment of the mortgage was unnecessary, and it is most probable that it was taken to protect his title, in case any controversy arose concerning it. Writing is not necessary to pass the title to personal property; this may be affected by sale and delivery. When the plaintiffs took their mortgage, Lovett had no title or interest whatever in the property mortgaged; there was nothing to which the lien of the mortgage could attach, and the security was as worthless as it would have been had property been mortgaged to which Lovett had never had title, and in which he had never acquired any interest whatever. In this view, the court committed no error that could injure the plaintiffs, if indeed there was error at all in repelling evidence going to show that Haskins had testified, on a former occasion and upon another trial, that the only title he claimed was derived from Roberts under the transfer of the note and mortgage. There was nothing in this testimony that could have modified or affected the case,

as it was presented at the hearing, and it is therefore immaterial; it could not, at least it should not, have brought about a different result than that reached on the trial.

2. But even if the incumbrance on the title to the mule had not been removed by Lovett's surrender of his interest to Roberts by his bestowing on him the right to take possession of her, the plaintiffs in this mortgage were not in a legal sense innocent and *bona fide* mortgagees or purchasers. The paper reserving the title had been properly recorded, Code, §1955 (a); and the omission of the clerk to enter the fact of the record on the paper, if true, did not invalidate or affect its registry; but it would be going very far to hold, under the facts in this case, that the record was not duly entered on the paper containing the contract in reference to the retention of title.*

3. The plaintiffs set up an equitable claim to the sum of money which Lovett paid the sellers upon the purchase of the mule. If they could have overcome the insuperable barrier in their way interposed by Lovett's parting with his right to redeem, then their claim to this amount would have been unavailing, because they have neither paid nor offered to pay that portion of the purchase money which they admit by their pleading to be still due. *Alston vs. Wingfield,* 53 *Ga.,* 18; *Lackey vs. Bostick;* 54 *Id.,* 45; 68 *Id.,* 817; 69 *Id.,* 614.

The other question made, that the court erred in refusing to entertain the equitable claim set up by the plaintiffs in this proceeding, if erroneous in this view, was error that did not hurt. Whether the claim, if properly pleaded, would have been available, see 55 *Ga.,* 348, and citations; 54 *Id.,* 690, 691.

Judgment affirmed.

---

*The note and mortgage were on the same sheet of paper; on the back of it was indorsed an entry that it was recorded. All of this was on the back of the mortgage, except a small portion which extended over the signature of the note. (Rep.)