## 6117. GATLIN *v.* MATTHEWS & COMPANY.

WADE, J. 1. "In providing that a mortgage or a conditional bill of sale shall specify the property on which it is to take effect, the law does not require such a description as will serve to identify the property without the aid of parol evidence." *Thomas Furniture Co.* v. *T. & C. Co.*, 120 *Ga.* 879 (48 S. E. 333). Measured by this rule, the description of the property sued for was sufficient, inasmuch as the purpose of an action of trover is not so much to recover the specific chattels as to recover damages as for a conversion, and the same particularity of description is not essential to the maintenance of that action as is requisite in detinue. If the action for the possession of personal property be designed rather to recover the specific chattels than damages for a conversion, and this design of the pleader be evidenced by supplementing his action with a bail proceeding, the goods should be described with such particularity as would enable the court to seize the chattels for which the suit is brought and hold them for restitution in the event of final recovery by the plaintiff. *McElhannon* v. *Farmers Alliance Co.*, 95 *Ga.* 670 (22 S. E. 686); *Leitner* v. *Strickland*, 89 *Ga.* 363 (15 S. E. 469); *Beaty* v. *Sears*, 132 *Ga.* 516 (64 S. E. 321); *Reeves* v. *Allgood*, 133 *Ga.* 835 (3) (67 S. E. 82); *Pepper* v. *James*, 7 *Ga. App.* 518-519 (67 S. E. 218).

2. Where various articles of different kinds are sued for in trover, the value of each should be alleged, or at least the aggregate value of all, in order not only to show jurisdiction in the court, where the jurisdictional amount is limited, but also to inform the defendant if it be necessary to present evidence to fix the proper amount of a recovery in case the plaintiff should elect to take a money verdict for the highest proved value of the property. *Terrell* v. *McKinny*, 26 *Ga.* 447; *Macon & Western Railroad Co.* v. *Meador*, 67 *Ga.* 672-674. In the absence, however, of a special demurrer, the court did not err in refusing to dismiss a petition in trover which failed to allege any value whatsoever. The failure to allege the value of articles to be recovered by trover would preclude the plaintiff from the exercise of his option to elect an alternative verdict in damages.

3. No witness testified that the identical property sued for was ever actually in the possession of the defendant prior to the institution of the action in trover, nor were there any circumstances in proof sufficient to establish such possession by him, or from which his possession at any time could be legally inferred. The judgment in favor of the plaintiff was therefore not supported by evidence, and the appellate division of the municipal court erred in overruling the motion for a new trial.

4. There is no substantial merit in the remaining assignments of error.

*Judgment reversed.*

DECIDED AUGUST 2, 1915.

Trover; from municipal court of Atlanta. October 20, 1914.

The petition alleges: (2) that the defendant, W. T. Gatlin, is in possession of the following described property, to wit: "one 860 iron bed, one G. O. dresser, one G. O. stand, one C. table, 4

chairs, one F. A. rocker, one M. spring, L. C. mattress;" (3) that said property is the property of petitioners, being the same property sold by them to Lavonia Reynolds under title-retaining contract recorded in the clerk's office of .the superior court of Fulton county, Georgia, on February 10th, 1914, in Deed Book 186, folio 137; and (4) that the said Gatlin refuses to turn said property over to petitioners or to pay them the profits thereof, and demand for the same has been made and refused; wherefore petitioners pray that summons may issue, etc. The demurrer was on the following grounds: (1) No cause of action is set forth in the petition. (2) The petition does not allege facts which would authorize plaintiffs to retake property or reassert their rights to property sold under retention-of-title contract. (3) The petition fails to show any breach of the contract that would entitle the plaintiffs to reclaim the property. (4) The plaintiffs have failed to set up the contract in their petition, showing the rights under the contract and the breach thereof. (5) Paragraph 3 of the petition is demurred to specially because no copy of the contract referred to is attached or set out in the petition. The demurrer was overruled. On the trial the plaintiffs elected to take a money judgment, and the trial judge, after hearing the evidence, rendered a judgment in their favor for $74. Exception was taken to the overruling of the demurrer, and to the overruling of the defendant's motion for a new trial, in which it was alleged that the judgment was unauthorized by the evidence.

C. V. Hohenstein, Felder & Coburn, for plaintiff in error.

D. K. Johnston, M. Herzberg, contra.