### 12728.   MUMFORD v. STRIBLING.

The description of the cotton in the petition in this case (a bail-trover proceeding) is too indefinite.

A contradictory description will be construed unfavorably to the pleader. The court erred in overruling the demurrer to the petition.

DECIDED MARCH 7, 1922.

Trover; from Lincoln superior court — Judge Shurley. July 2, 1921.

The defendant demurred specially to the description of the cotton.

*C. J. Perryman,* for plaintiff in error.

*Burnside & McWhorter,* contra.

BLOODWORTH, J. This was a bail-trover case. In the petition as amended the description of the property for which suit was brought is as follows: " A sufficient amount of cotton at 23 cents. per pound, grown on the place of Joe Butler in Lincoln county, Georgia, to pay the principal sum of $280.21, besides interest on said sum at 8% per annum, which amount of cotton was over and above the amount said Mumford was due as rent of the premises on which same was grown in the year 1920, said Mumford having no other cotton except that grown on said place, whether in the seed or in the field, or packed in jute bagging or otherwise, which said cotton was raised on the place of Joe Butler in Lincoln county, Georgia, in 1920, the defendant having in his possession no other cotton than that raised on said place." In bail-trover

proceedings the rule as to the description of the property sued for, as laid down by this court and the Supreme Court, is that "the goods should be described with such particularity as to enable the court to seize the chattels for which the suit is brought, and hold them for restitution in the event of final recovery by the plaintiff." *Gatlin* v. *Mathews,* 16 *Ga. App.* 645 (85 S. E. 953), and citations. See also *Harper* v. *Jeffers,* 139 *Ga.* 760 (2) (78 S. E. 172). This rule is somewhat differently expressed in *Collins* v. *West,* 5 *Ga. App.* 429 (1) (68 S. E. 540), where this court said: "In an action of bail-trover the petition must definitely identify the property by a particular description, or by a general description coupled with such additional allegations as to the time and place or manner of the taking or conversion as plainly to isolate the thing sued for from the general class to which it belongs." See citations.

Applying the ruling in the above-cited cases to the facts of the case now under consideration, the cotton sought to be recovered is not "described with such particularity as would enable the court to seize the chattels for which the suit is brought, and hold them for restitution in the event of final recovery by the plaintiff;" nor is the description of the property such as "plainly to isolate the thing sued for from the general class to which it belongs." Had nothing been said in the description about interest, it would be easy to determine the number of pounds of cotton for which the plaintiff sued; but this cannot be done when the amount due for interest is uncertain. Even if the exact number of pounds of cotton could be arrived at, still the particular cotton represented by the number of pounds is not pointed out. Granting, but not conceding, that the amount of cotton which would be arrived at by such a calculation would be sufficient to cover all the cotton raised on the place of Joe Butler in 1920, the officer would not be authorized to seize all of this cotton, because the petition shows that the cotton sought to be recovered by the plaintiff was not all of the cotton, but was that portion "over and above the amount said Mumford was due as rent of the premises on which same was grown in the year 1920." Some of the terms of the description of the cotton are contradictory; and in such a case the rule is that the pleadings must be taken most strongly against the pleader. Moreover, to say that the cotton was "in the seed, or in the field,

or packed in jute bagging, or otherwise," leaves the description so indefinite that it would not permit of the seizure by the officer of any particular cotton.   The court therefore erred in overruling the demurrer to the petition, and the subsequent proceedings were nugatory.

*Judgment reversed.   Broyles, C. J., and Luke, J., concur.*