## 20991. TEAL v. EQUITABLE LOAN COMPANY.

BROYLES, C. J. 1. The general demurrer and paragraphs 3 and 4 of the special demurrer to the petition were properly overruled.

2. Paragraph 2 of the special demurrer to the petition should have been sustained, but, under all the facts of the case, the error in overruling it was harmless and does not require a reversal of the judgment.

3. The special assignments of error in the petition for certiorari are without merit; the verdict was authorized by the evidence; and the overruling of the certiorari was not error.

*Judgment affirmed. Luke, J., concurs. Bloodworth, J., absent on account of illness.*

DECIDED JULY 14, 1931. REHEARING DENIED SEPTEMBER 4, 1931.

*E. F. Goodrum,* for plaintiff in error.

*Martin, Martin, Snow & Gillen,* contra.

ON MOTION FOR REHEARING.

BROYLES, C. J.  "The purpose of an action of trover is not so much to recover the specific chattels as to recover damages as for a conversion, and the same particularity of description is not essential to the maintenance of that action as is requisite in detinue.  If the action for the possession of personal property be designed rather to recover the specific chattels than damages for a conversion, and this design of the pleader be evidenced by supplementing his action with a bail proceeding, the goods should be described with such

particularity as would enable the court to seize the chattels for which the suit is brought and hold them for restitution in the event of final recovery by the plaintiff." *Gatlin* v. *Matthews*, 16 *Ga. App.* 645 (85 S. E. 953), and cit. In the instant case the plaintiff "supplemented" his action in trover "with a bail proceeding." Under the ruling in the *Gatlin* case the goods sued for were insufficiently described, and the overruling of the special demurrer interposed was error. However, upon the trial, the plaintiff, instead of asking for the return of the property, *elected to take a money verdict,* which was given him. Therefore the failure of the plaintiff to describe the goods with the particularity mentioned in the *Gatlin* case was not harmful or injurious to the defendant, and the error in overruling the demurrer does not require another trial of the case. As held by this court in *Wrightsville & Tennille R. Co.* v. *Vaughan,* 9 *Ga. App.* 371 (5) (71 S. E. 691): "Where a special demurrer is well taken, and the court overrules it, the error is prima facie harmful, but not necessarily so. If the reviewing court can with reasonable certainty say that no harm or injury has resulted to the complaining party, a new trial will not be granted." See also *G., F. & A. Ry. Co.* v. *Parsons,* 12 *Ga. App.* 180 (4) (76 S. E. 1063); *Clifton* v. *State,* 35 *Ga. App.* 399 (2) (133 S. E. 287).

*Rehearing denied. Luke, J., concurs. Bloodworth, J., absent on account of illness.*