34394. TRUSCO FINANCE COMPANY *v.* CHILDS.

Decided March 14, 1953.

*O. J. Tolnas, McClure & Ramsay,* for plaintiff in error.
*Frank C. Gross, Ollie Mae Stowe,* contra.

FELTON, J. The question for determination is whether the recorded title-retention contract constituted constructive notice to a third person that the title to the automobile remained in the seller's assignee. It is contended by the defendant in error that such did not constitute constructive notice to third persons because the recorded contract contained a motor number different

from the motor number of the automobile purchased by the defendant in error. We cannot say as a matter of law that such was insufficient to constitute constructive notice. In *Nichols v. Hampton*, 46 *Ga.* 253, the question was the sufficiency of description as to third persons of the property covered by the following instrument: "$200. By the first day of February next, I promise to pay Margaret J. Hampton, or bearer, two hundred dollars for value received in a bay mare and buggy, Margaret J. Hampton holding a lien on said horse and buggy until it is paid for." The Supreme Court there said: "True, the description will apply to any bay mare, but there is another description added, to wit: the bay mare sold by the plaintiff to Johnson." In *Thomas Furniture Co.* v. *T. & C. Furniture Co.*, 120 *Ga.* 879 (48 S. E. 333), the recorded conditional bill of sale relied on to constitute constructive notice read: "I have this day purchased of the A. S. Thomas Furniture Company 1 dresser, 1 bed, 1 w. stand. . ." The Supreme Court held that the instrument was sufficient notice, the description being sufficient to put third persons on notice. Both of these cases hold that one is not restricted to the mere physical description of the property recited in the instrument recorded, but may look to a recital in the instrument that the property was that property purchased by the vendee from the vendor on a certain day as a further means of identifying the property.

The incorrect motor number did not vitiate the contract. The doctrine of *falsa demonstratio non nocet*—"mere false description does not make an instrument inoperative"—applies. *Farkas v. Duncan*, 94 *Ga.* 27 (20 S. E. 267). In addition to the motor number, the title-retention contract contained the following description of the automobile: Class: Used; Make & Type: four-door Ford Custom; Year Model: 1950; Model: Custom; Serial Number: 827525. Regardless of whether the above description alone is sufficient to constitute constructive notice, under the rulings in *Nichols* v. *Hampton*, and *Thomas Furniture Co.* v. *T. & C. Furniture Co.*, both supra, there is "additional description" in the recorded title-retention contract which, coupled with the above description, affords a key to the identity of the property and which could authorize a jury to find that the contract as recorded constituted constructive notice, i.e., "The

undersigned [Paul Whitehead], herein called 'Purchaser', has this 26 day of December, 1951, purchased and acknowledged delivery from Myers Motor Company, herein called Seller, the following motor vehicle, to wit." This "additional description" identifies the automobile as the one purchased from Myers Motor Company by Paul Whitehead on December 26, 1951, and distinguishes that particular automobile from all other 1950 four-door custom Ford automobiles. See *Paradies & Rich* v. *Warren Co.,* 53 *Ga. App.* 457 (1) (186 S. E. 438). It is a question for a jury as to whether a person of ordinary business prudence would have discovered, from pursuing such lines of inquiry as the data given in the title-retention contract would naturally suggest to his mind, that the title to the automobile remained in the plaintiff in error (*Pinson-Brunson Co.* v. *Bank of Danielsville,* 40 *Ga. App.* 793, 796, 151 S. E. 549), considering such facts as whether Paul Whitehead bought only one 1950 four-door custom Ford on December 26, 1951; whether the serial number on the automobile in question corresponded with the serial number set out in the recorded title-retention contract; that the automobile was bought directly from Whitehead, etc. *Hicks* v. *Walker Brothers Co.,* 31 *Ga. App.* 395 (2) (120 S. E. 694).

While the opinion in *Morris & Eckels Co.* v. *Fulton National Bank,* 208 *Ga.* 222 (65 S. E. 2d, 815), does not show it, the record in such case discloses that not only did the mortgage there fail to state the location of the mortgaged property, but it did not show from whom the property was bought, as did the title-retention contract in the instant case.

Any rulings appearing in *Shearer* v. *Housch,* 32 *Ga. App.* 663 (124 S. E. 356), and *Master Loan Service* v. *Maddox,* 68 *Ga. App.* 429 (23 S. E. 2d, 179), contrary to what has been here ruled must of necessity yield to the Supreme Court decisions cited herein.

The court erred in sustaining the general demurrer to the petition and in dismissing the action.

*Judgment reversed. Sutton, C. J., and Worrill, J., concur.*