35033. NORTH AMERICAN LOAN & THRIFT CO. No. 2.
*v.* BUREL *et al.*

DECIDED FEBRUARY 17, 1954.

Robert T. Efurd, Calhoun A. Long, Jr., for plaintiff in error.
James W. Paris, contra.

TOWNSEND, J. The sole issue in this case is whether the trial court erred in dismissing this bail-trover proceeding because of insufficiency of description. The property was described in a bill of sale annexed to the petition as an exhibit as "2 leather chairs, 3 piece living room suite, PC; 1 9 x 12 lin. rug; 1 table lamp [all for living room]; 1 chrome table, 4 chrome chairs, 1 RCA radio; 1 Kelvinator refrigerator, 1 electric stove [kitchen]; 1 maple double bed; 1 maple single bed; 1 platform rocker chair; 2 maple chests of drawers, 1 baby bed; 2 chairs [bed rooms]." Further identification consisted of the fact, as shown by the exhibit, that the property sued for was the subject matter of a bill of sale by the defendants to the plaintiff, No. 16660, dated January 4, 1952, in the amount of $351; that it was given to cover a purchase-money note executed contemporaneously therewith; that it is "the property owned by the undersigned whose address is as follows, Lester H. & Sarah Burel, Box 67, Auburn, Ga.," and that the property "is in the possession of the above named person at the address shown."

"If the action for the possession of personal property be designed rather to recover the specific chattels than damages for a conversion, and this design of the pleader be evidenced by supplementing his action with a bail proceeding, the goods should

be described with such particularity as would enable the court to seize the chattels for which the suit is brought and hold them for restitution in the event of final recovery by the plaintiff." *Gatlin* v. *Matthews & Co.*, 16 *Ga. App.* 645 (85 S. E. 953). There is here, however, no demurrer directed to the affidavit in bail, but only a general demurrer to the trover petition on the ground that the description is insufficient to "isolate the things sued for from the general class to which they belong." The defendant contends this is the criterion for determining the sufficiency of the petition in any bail-trover proceedings, which contention is correct under the authority of *Collins* v. *West*, 5 *Ga. App.* 429 (63 S. E. 540). He contends further that the description as set out in the bill of sale is not sufficient to come under the ruling in *Brooks* v. *Hartsfield Co.*, 56 *Ga. App.* 184 (192 S. E. 459), where it was held that property designated similarly to the description here, in a bill of sale *properly recorded* and describing the property as located in a *particularly described house which was the home of the defendants* was sufficiently described to sustain the action. Here the property is alleged to be in the possession of the defendants at the address, "Lester H & Sarah Burel, Box 67, Auburn, Ga." Without attempting to take any judicial cognizance of what the words "Box 67" might mean, it is sufficiently shown that the property is in the possession of the defendants at their address at Auburn, Georgia. Whether or not the bill of sale was recorded is immaterial as between the parties themselves. In *Thomas Furniture Co.* v. *T. & C. Furniture Co.*, 120 *Ga.* 879 (48 S. E. 333), similarly described property in a mortgage, with the further identification that it was the property "this day purchased of the A. S. Thomas Furniture Co.," was held sufficient. In *Charles* v. *Valdosta Foundry &c. Co.*, 4 *Ga. App.* 733 (3) (62 S. E. 493), a description in a bill of sale, listing "1 6 x 13 Fay Company inside moulder, 1 dry kiln, 1 Goodle & Waters resaw, 1 Smith comb, rip and cut saw, 1 board conveyer, 1 haul up rig and cars, 1 sawdust rig and chain", etc., was held sufficient without any further words of description, the court stating: "In mortgages or conditional sales of property 'the courts lay hold of slight circumstances to supplement the descriptive words.'" Here the property is listed, which is not alone sufficient to remove it from other like property of the same class, but it is further identified

656

as being the same property which was in the possession of the defendants at their address in Auburn, Georgia, and which was the subject matter of a bill of sale of a certain date given to the plaintiffs as security for a purchase-money note executed contemporaneously therewith. Such description is sufficient, and the court erred in sustaining the general demurrer on this ground.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*