36455. WASHBURN STORAGE COMPANY *v.* COLUMBIA LOAN COMPANY.

DECIDED APRIL 17, 1957.

554

*James L. Flemister, Marjorie C. Thurman,* for plaintiff in error.

*Thomas E. Moran,* contra.

QUILLIAN, J. 1. We will first discuss the defendant warehouseman's contention that he was protected under the provisions of Code § 111-430 (b). The provisions of the Code section are obviously applicable only to instances where the owner of the chattels gives to another possession and indicia of ownership so that the warehouseman acting in good faith as an ordinarily prudent person is warranted in assuming that the person in possession of the chattels has the right to store them. The Code section has no application to goods which are conveyed by their owner under a valid bill of sale to another for the purpose of securing the payment of a debt. In such circumstances the maker of the bill of sale retains possession of the articles until the secured debt is in default and the bill of sale is foreclosed. He is in possession of such articles not with the consent or at

the behest of the holder of the bill of sale but as a matter of right under the law. So it cannot be said that the holder of such instrument has placed the maker of the same in possession of the articles or has given him apparent authority to encumber them in any manner.

2. It follows that since this case is not controlled by Code (Ann. Supp.) § 111-430 (b) the loan corporation was entitled to recover the articles described in the recorded bill of sale held by it unless the description of those chattels was too indefinite to identify them. If the articles were not described with the certainty that would identify them and thus impart notice of the bill of sale holder's title, the warehouseman who stored them without any actual notice of title was entitled to retain possession of them, and there should have been a verdict in his favor.

3. A description in a bill of sale, recorded in conformity with the requirements of Code §§ 67-1304 and 67-1305, in order to impart notice of the holder's title, must be sufficiently definite to distinguish the property conveyed from other property of a similar nature.

4. In *Nussbaum* v. *Waterman & Co.*, 9 *Ga. App.* 56, 61 (70 S. E. 259) it is held: "Whether the record gives such notice depends not solely on the language appearing in the mortgage, but is determined in accordance with what a person of ordinary business prudence would have found out from pursuing such lines of inquiry as the data given in the mortgage would naturally suggest to his mind; and, additionally, any further information actually possessed by the claimants at the time of their transaction, which would have led an ordinary man to believe that he was dealing as to the mortgaged property, or would ordinarily have led him to further inquiry, may be taken into consideration in determining whether they had notice of the lien, or were legally chargeable with notice."

5. The recital in a duly recorded bill of sale that it secures a note of even date, or executed simultaneously with it, is notice of any additional facts which may serve to identify the property conveyed. The fact that the note is not recorded is not material. *Bell* v. *Bell*, 178 *Ga.* 225 (172 S. E. 566).

The rule is invoked in this case, but is not applicable for the

reason that the note referred to in the recorded bill of sale contains no description of the property conveyed. It is true the note contains a clause stipulating that it is secured by a bill of sale.

It also appears from the record that the note was secured by a bill of sale other than the one recorded, and that the unrecorded bill of sale contained data that served as additional identification of the chattels involved in the case. But from reading the note itself it cannot be ascertained that it referred to any bill of sale except the one that was recorded. Hence while all of the papers, the note and the two bills of sale were really one instrument, the part of the instrument recorded did not identify itself with any other part thereof containing other or more definite description or additional data from which the chattel conveyed could be identified than was shown by its own terms.

6. The description of the property contained in the recorded bill of sale did not distinguish it from other property of a similar nature.

7. Under the principles of law to which we have referred the grant of a new trial by the appellate division of the trial court was error.

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*