138

### 37534. STERCHI BROTHERS STORES, INC. *v.* SEABOARD FINANCE COMPANY.

Decided February 19, 1959.

*Brackett & Brackett, C. F. Brackett, Jr.,* for plaintiff in error.
*Wotton, Long & Jones, Calhoun A. Long, Durham Schane,* contra.

Felton, Chief Judge. We think that the description of the property contained in the bill of sale to secure debt which was "1 chair, orange; 1 chair, black; 1 chair, rocker; 1 green sofa; 1 stove, gas; . . . etc." with the further description, "now located at the address shown above," was a sufficient description to support a trover action against the defendant. *Thomas Furniture Co.* v. *T. & C. Furniture Co.,* 120 *Ga.* 879 (48 S. E. 333).

See also *North American Loan &c. Co. No. 2* v. *Burel*, 89 *Ga. App.* 654 (80 S. E. 2d 495). The plaintiff in error admits that as between the plaintiff and the Melvins, the vendees in the bill of sale, the description would have been sufficient, but contends that the description was not good as to the defendant, a stranger to the bill of sale. With this contention we cannot agree. In the *Thomas Furniture Co.* case the conditional-sale contract which contained the description of the property was between Thomas Furniture Company, the seller, and W. W. Carr, the buyer. Thomas Furniture Company brought a trover action against the T. & C. Furniture Company, who was not a party to the contract, relying on the description of the property as given in the contract. The relationships in the instant case are the same as were those in the *Thomas Furniture Co.* case and the situation presented is the same.

The petition contained a sufficient description of the property and thus stated a cause of action against the general demurrer urged; therefore, the court did not err in overruling the general demurrer.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*