40380.   YANCEY BROTHERS COMPANY v. DEHCO, INC.

DECIDED JANUARY 8, 1964—REHEARING DENIED JANUARY 23, 1964.

*Joseph R. White, Jr., King & Spalding, Richard M. Hester, Hester & Hester,* for plaintiff in error.

*Gibert, Walling & Hubert, Hugh W. Gibert,* contra.

EBERHARDT, Judge. ■ The petition brought for the 2W scraper was not subject to general demurrer.

■ In response to defendant's motion for new trial on the general grounds, the plaintiff advances two theories as to why its recovery should be allowed to stand. They are: (a) that, under the circumstances, the defendant is estopped to rely on the misdescription in serial numbers, and (b) that the description in the recorded bill of sale to secure debt was sufficient, under the circumstances, to create a jury question as to the constructive notice imparted to defendant by its recordation.

■ *Estoppel.* Plaintiff relies on equitable estoppel or estoppel *in pais.* See *Code* § 38-116. However, an estoppel of this nature cannot arise where both parties have equal knowledge or means of obtaining knowledge of the facts alleged to constitute an estoppel. *Williams v. Waldrop,* 216 Ga. 623 (2), 626 (118 SE2d 465) and citations. See *Gay v. Laurens County,* 213 Ga. 518 (2), 523 (100 SE2d 271) and citations. Here, the testimony amply showed that both of the parties had equal opportunities to obtain knowledge of the serial number of the

scraper actually sold to the plaintiff, which might have been accomplished by an examination of the number appearing on the scraper itself. Therefore, no estoppel can arise against the defendant.

■ *Constructive Notice.* The question of the sufficiency of the description in a recorded instrument to impart constructive notice is for the jury except in clear cases. *Trusco Finance Co. v. Childs,* 87 Ga. App. 789 (75 SE2d 336). While there appears to be some conflict in the decisions, a merely general description of the affected property will be held sufficient for jury consideration where either the location of the property is asserted in the instrument or the instrument indicates from whom the property was purchased. Location cases, see *North American Loan &c. Co. v. Burel,* 89 Ga. App. 654 (80 SE2d 495); *Sterchi Bros. Store, Inc. v. Seaboard Finance Co.,* 99 Ga. App. 138 (107 SE2d 913). From whom purchased cases, see *Thomas Furniture Co. v. T. & C. Furniture Co.,* 120 Ga. 879 (48 SE 333); *Paradies & Rich v. Warren Co.,* 53 Ga. App. 457(1) (186 SE 438); *Trusco Finance Co. v. Childs,* 87 Ga. App. 789, supra. The gist of these cases and others is that, while it is not wholly necessary that the physical description appearing of record be sufficient in itself to identify the property, it must raise a warning flag, as it were, providing a key to the identity of the property. Merely stating an incorrect serial number will not vitiate the contract if the key is there,[1] *Trusco Finance Co. v. Childs,* 87 Ga. App. 789, supra; but, when the incorrect serial number is eliminated here, all that remains is the names of the parties (Gross and Cobb Bank), the date, and the fact that a No. 60 Caterpillar scraper was one of the subjects of the instrument. Under the cases cited above, this would not be sufficient to create a jury question as to constructive notice.

But may the plaintiff rely on this insufficient description coupled with the actual knowledge of the defendant? That is, may record of the bill of sale, though legally insufficient itself to constitute constructive notice, be combined with actual knowl-

---

[1] The provisions of the Uniform Commercial Code (effective January 1, 1964) do not appear to work any change in this rule. See *Code Ann.* §§ 109A-9-110, 109A-9-203(1b), 109A-9-402.

edge of the character shown here in order to authorize a jury to find that a defendant knew or should have known of the existence of a lien? An affirmative answer finds apparent support in *Nussbaum v. Waterman,* 9 Ga. App. 56, 61 (70 SE 259) where it was said: "Whether the record gives . . . [sufficient] notice depends not solely on the language appearing in the mortgage, but is determined in accordance with what a person of ordinary business prudence would have found out from pursuing such lines of inquiry as the data given in the mortgage would naturally suggest to his mind; and, additionally, any further information actually possessed by the claimants at the time of their transaction, which would have led an ordinary man to believe that he was dealing as to the mortgaged property, or would ordinarily have led him to further inquiry, may be taken into consideration in determining whether they had notice of the lien, or were legally chargeable with notice."[2] See also, *Washburn Storage Co. v. Columbia Loan Co.,* 95 Ga. App. 552, 555 (4) (98 SE2d 147). However, we do not think that this principle is available in the circumstances where, as here, the scraper was reacquired for value by the original seller under a correct description and without any fact indicating that it knew at the time of reacquisition that the scraper was the same one that had been sold under the misdescription.

Defendant being otherwise a bona fide purchaser and here neither estoppel nor constructive notice preventing such a status, the motion for new trial should have been granted on the general grounds.

*Judgment reversed. Felton, C. J., and Russell, J., concur.*

---

[2]It seems likely that this rule may be applied in situations arising under the Commercial Code, particularly since the description of the property is not required to be specific, *Code Ann.* § 109A-9-110, but the debtor has means of obtaining from the secured party a statement both of the amount owing and the correct identification of the collateral, *Code Ann.* § 109A-9-208. Thus, a prudent purchaser or lender may require the seller or borrower to produce a statement from one in whose favor a financing statement has been filed.