42362. DEHCO, INC. v. YANCEY BROTHERS COMPANY.

Argued October 4, 1966—Decided February 28, 1967— Rehearing denied March 16, 1967.

*Haas, Holland, Freeman, Levison & Gibert, Richard N. Hubert,* for appellant.

*King & Spalding, Charles H. Kirbo, R. Byron Attridge, Hester & Hester, Richard M. Hester,* for appellee.

PANNELL, Judge. Only Headnote 2 requires any elaboration.

On September 19, 1962, appellant Dehco, Inc., instituted a trover action for a Caterpillar No. 60 Series scraper, serial number 2W5552 as transferee under a recorded bill of sale to secure debt from one Gross. This case was tried before the judge without a jury and judgment was entered in favor of the plaintiff, appellant on this appeal. This court reversed the trial court's finding in view of the fact that the evidence showed the scraper

in controversy to have a serial number ID1241 and that the evidence was insufficient to show either estoppel or constructive notice on the part of the defendant, this court saying, in reference to constructive notice, "[h]owever, we do not think that this principle is available in the circumstances where, as here, the scraper was reacquired for value by the original seller under a correct description and without any fact indicating that it knew at the time of reacquisition that the scraper was the same one that had been sold under the misdescription.

"Defendant being otherwise a bona fide purchaser and here neither estoppel nor constructive notice preventing such a status, the motion for new trial should have been granted on the general grounds." *Yancey Bros. Co. v. Dehco, Inc.*, 108 Ga. App. 875, 878 (134 SE2d 828).

Upon retrial, a nonsuit was granted. Within the time required, the appellant brought the present action in three counts. Count 1 was in the "Jack Jones" form for a Caterpillar Series 60 scraper, serial number ID1241. Count 2 incorporated the allegations of Count 1 and alleged that the scraper actually sold to the plaintiff and by the plaintiff sold to Gross, had a serial number ID1241, but the bill of sale erroneously described it as number 2W5552; that plaintiff had no notice of this discrepancy and when he sold the scraper to Gross, Gross borrowed the purchase money from the Cobb Exchange Bank and plaintiff endorsed the loan papers, and the bill of sale to secure debt from Gross to the bank described the scraper as 2W5552; that the parties relied upon the defendant as to the serial number; that because of default by Gross, plaintiff paid the bank and received an assignment of the note and the bill of sale to secure debt and thereafter "the scraper was wrongfully converted from Gross and sold to defendant." This count again alleged a duty to inquire in an attempt to allege constructive notice to defendant of the interest of the plaintiff in scraper number ID1241. Demand and refusal was alleged. Count 3 incorporated Counts 1 and 2 and contained the additional allegation that "prior to defendant's purchase, defendant had actual knowledge that its seller did not have title, having been so advised by the said Gross." Upon the trial it appeared that the defendant had sold,

at different times, both scrapers to one Washington; that the president of plaintiff corporation was interested in purchasing some equipment from Washington and as a result a Series 60 Caterpillar scraper was placed in plaintiff's possession for trial, Gross being paid by Washington to operate the equipment while in the possession of the plaintiff; that Washington and plaintiff president with an officer of the defendant conferred, and plaintiff being unwilling to purchase direct from Washington, the defendant canceled its conditional sale contract with Washington and gave the plaintiff a conditional sale contract to a Caterpillar 60 Series scraper, serial number 2W5552, the number being given to the defendant by Washington. This transaction occurred December 26, 1956, while the tractor in question was in the possession of the plaintiff. Subsequently, after plaintiff had paid the defendant in full, plaintiff sold the equipment described as serial number 2W5552 to Gross on September 11, 1959, who borrowed the money to pay plaintiff, with plaintiff endorsing the loan papers. Gross was unable to pay, and Dehco paid the bank off and received a transfer of the bill of sale given by Gross to the bank, the transfer being on July 10, 1961. Plaintiff brought foreclosure on May 16, 1962, but was unable to locate the equipment. Gross testified that another party was using the equipment near Newnan, Georgia, on halves and after the foreclosure, he went down with the sheriff and located the equipment, but the sheriff did not levy on it because there was no serial number on the equipment, the serial number having been displaced because of certain welding done on the equipment by Gross. When Gross went back later, the equipment was gone, apparently stolen. There was testimony by Gross and the president of plaintiff company that this same equipment was subsequently seen close to Cumming, Georgia, in a field. Gross and the president appellant identified the equipment (by the welding that had been done on the neck of the scraper). They both testified that this scraper was the scraper that was on the defendant's lot on a trailer on June 1, 1962, at which time Gross informed the defendant that the scraper on the lot was his, identifying the same primarily by the welding. This was *after* this equipment had been traded to the defendant by one

Burnham. This is the evidence that plaintiff depends upon as constituting actual notice, but this merely shows actual notice after the purchase for value and not before. There was testimony that, sometime subsequent to the purchase by Gross, Gross informed the defendant that there was some mixup in the serial numbers because of a distinctive feature between equipment with 2W serial numbers and equipment with ID serial numbers. The officer of the defendant to whom this statement was supposed to have been made denied that Gross made such statements to him. There was, therefore, a question for the jury with respect to this particular, even if we should concede it was sufficient to constitute constructive notice. See *Yancey Bros. Co. v. Dehco, Inc.*, 108 Ga. App. 875, 878, supra.

Burnham, from whom Yancey purchased the equipment, testified, and documentary proof was admitted to that effect, that he purchased the equipment which Yancey picked up on June 1, 1962, from one Evans, on August 2, 1961; that he was familiar with the equipment and that this was the same scraper that had been owned by Washington, and that he owned this scraper from the time he purchased it to the time he sold it to the defendant on June 1, 1962. In all of these transactions, the scraper was described by serial number ID1241 or ID. There was no evidence that the scraper while in possession of plaintiff and Gross had an identification number ID1241 thereon. There was evidence that the scraper in their possession was not a 2W series, but was an ID series scraper.

Applying the ruling in *Yancey Bros. Co. v. Dehco, Inc.*, 108 Ga. App. 875, supra, the evidence in the present case was insufficient to authorize a recovery by the plaintiff unless the testimony of Gross that the scraper that he possessed was stolen from him demanded a finding that the scraper bought by defendant from Burnham was the stolen scraper. In our opinion, this evidence did not demand such a finding. The evidence authorized a finding that the scraper in possession of Gross and which was stolen from him in early 1962 was different from the scraper purchased by Burnham in 1961 and sold by him to the defendant on June 1, 1962. The scraper could not have been in the possession of Gross and Burnham at the same time. The

jury was authorized to find that they were different scrapers. *Judgment affirmed. Felton, C. J., and Frankum, P. J., concur.*