### 52607. MALOY v. CITIZENS & SOUTHERN NATIONAL BANK.

SMITH, Judge.

On November 8, 1972, the plaintiff-appellant executed a consumer motor vehicle note and security agreement granting a security interest in a Volkswagen bus to the defendant-appellee as security for the indebtedness evidenced by the note, which note plaintiff paid in full on October 14 or 15, 1975, at which time plaintiff demanded the consumer vehicle note and security agreement be marked "satisfied" and demanded also the return of the certificate of title to the bus. The bank issued the plaintiff its receipt "paid in full," but refused to mark the note and security agreement "satisfied" or return the certificate of title on the ground it also held a "consumer collateral installment note" for the purchase price of an organ on which, at the time the above demand was made, there was an outstanding balance of $2,627.53. The first note and security agreement was, according to the terms thereof, given "[t]o secure the obligation of undersigned to pay this note, and all of the obligations of undersigned to Holder, its successors and assigns, however created, arising or evidenced, whether direct or indirect, absolute or contingent, or now or hereafter existing, or due or to become due (hereafter called 'Liabilities') undersigned conveys and hereby grants to Holder a security title to and a security interest in the following property and all accessories, parts and equipment now or hereafter affixed thereto, or used in connection therewith (hereafter collectively called 'goods')" with a description of the Volkswagen bus then following. The second note, on which a balance remains, does not describe the Volkswagen or refer to the prior note and security agreement. The plaintiff-appellant brought an action against the defendant-appellee seeking recovery of damages because of the bank's failure to accede to his demand to cancel the first note and security

agreement and return the certificate of title. The defendant's motion for summary judgment supported by affidavits disclosing the above facts without dispute was granted and judgment entered in defendant's favor. The plaintiff appeals. *Held:*

1. The granting and giving of the security interest in the Volkswagen bus in the first instrument as security for other and future debts owed the defendant was valid to accomplish such purpose. Code § 109A-9—204 (5).

2. That there was no reference to the first instrument or the property described therein in the second instrument does not raise any question of improper or a deficient description in the second instrument, as no rights of third parties are involved as to that instrument. No question of constructive notice to third parties being involved, the case of *Yancey Bros. Co. v. Dehco, Inc.*, 108 Ga. App. 875, 877 (134 SE2d 828), and Code § 109A-9—110 are not applicable here, the security being sufficiently described in the first instrument.

*Judgment affirmed. Marshall and McMurray, JJ., concur.*

ARGUED SEPTEMBER 8, 1976 — DECIDED OCTOBER 5, 1976.

*L. C. Chrietzberg,* for appellant.
*Alston, Miller & Gaines, Jack H. Senterfitt,* for appellee.