15876.    VAN DYKE *et al* v. WHITE COMPANY.

JENKINS, P. J. 1. The demurrer raising the objections that the petition in trover did not set forth the place of residence of the plaintiff, and that it did not allege that the property sued for belonged to plaintiff, but only that it "claimed title" thereto, was properly overruled.

2. The question as to the sufficiency of description of property in a reservation-of-title contract is one of law for the court; that of the actual identity of the property is one of fact. *First Nat. Bank* v. *Spicer*, 10 *Ga. App.* 503 (73 S. E. 753). In the instant case the latter proposition was not in dispute. The properly recorded reservation-of-title contract was not void on account of uncertainty in the description, where by the terms of the instrument the property was referred to as a "truck," "received of the White Company of Cleveland, Ohio, and having a usual place of business at Atlanta," and more particularly identified as "Model 15 Chassis No. 70477." While it is true that the principle of law to the effect that parol evidence may be employed even by persons at interest other than parties to the contract, to aid in identifying the property covered by the lien (*Thomas Furniture Co.* v. *T. & C. Co.*, 120

*Ga.* 879, 48 S. E. 333) applies only in those cases where the instrument provides within itself some means or method by which such extrinsic evidence can be employed and its range limited (*Thomas Furniture Co. v. T. & C. Co.*, supra; *Reynolds* v. *Tifton Guano. Co.*, 20 *Ga. App.* 49, 51, 92 S. E. 381), yet the present instrument, when considered as a whole, indicated a sale with reservation of title by the White Company of Cleveland of a specified model of truck, the chassis of which bore a designated number, and thus sufficiently indicated the identity of the property covered by the lien (*Rountree* v. *Chrisman*, 20 *Ga. App.* 815, 93 S. E. 511), and this is true although it might not in terms and specifically designate the truck sold by the White Company as a "White truck," since it appears from the record that the machine was a White truck manufactured by the White Company, and since it appears from the instrument that this particular model with this particular number was purchased of the White Company, the instrument itself must be taken as providing a sufficient and certain means of supplying by parol whatever additional proof of identity might be required, if any were in fact required. *Thomas Furniture Co.* v. *T. & C. Co.*, supra.                    *Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED APRIL 10, 1925.

Trover; from city court of Brunswick—Judge Butts. July 14, 1924.

*R. D. Meader,* for plaintiffs in error.

*Smith, Hammond & Smith, Bennet, Twilty & Reese,* contra.