16912, 16913.   LAND *v.* PIKE'S PEAK LUMBER COMPANY; and *vice versa.*

1. A material amendment to a petition opens the case, if in default, for answer by the defendant; *aliter* when the amendment makes no material change in the cause of action or the defense. Civil Code (1910), § 5652; *Calhoun* v. *Mosley,* 114 *Ga.* 641 (3) (40 S. E. 714) ; *Griffin* v. *Augusta & Knoxville R. Co.,* 72 *Ga.* 423 (2 *b*) ; *Kelly* v. *Strouse,* 116 *Ga.* 872 (1 *b*) (43 S. E. 280).

(*a*) One of the amendments merely amplified the description of the articles sued for in trover. The other was not called for by the law, or required by the court. Neither was material, and the judgment that these amendments did not open the case for answer was correct. *Central Ry. Co.* v. *Waldo,* 6 *Ga. App.* 842 (65 S. E. 1099), and citations.

2. The direction of the verdict was proper, and the questions presented by the cross-bill of exceptions need not be considered.

DECIDED MARCH 2, 1926.  REHEARING DENIED APRIL 14, 1926.

Trover; from Twiggs superior court—Judge Camp. August 28, 1925.

*R. A. Harrison, Hightower & New,* for Land.

*H. F. Griffin Jr., James D. Shannon,* contra.

LUKE, J.   Pike's Peak Lumber Company brought an action of trover against Grover C. Land to the August term of the superior court of Twiggs county, 1922, for numerous articles of personal property constituting a sawmill outfit. The case was marked "in default" at that term. At the February term, 1924, the defendant filed a motion to open the default, and the motion was overruled. At the September term, 1925, the defendant made an oral motion "to dismiss the action," (1) because it was not alleged that the plaintiff had "title or the right of possession," and (2)

---

Judgments, 34 C. J. p. 157, n. 64, 68.

Trover and Conversion, 38 Cyc. p. 2069, n. 7.

because the property was not sufficiently described. The court sustained the second ground of the demurrer, and the plaintiff filed an amendment meeting both grounds. The defendant then offered his sworn answer, and it was disallowed. The plaintiff elected to take a verdict for the property, and proved his case. The defendant having introduced no evidence, the court directed a verdict for the plaintiff for the property, and entered a judgment accordingly. The defendant excepted. His sole contention is that the plaintiff made a material amendment to his petition, and that this opened the default.

Without considering the effect of the previous ruling that the default was not opened, and without deciding whether or not it was within the court's power to open the default at the time the petition was amended (see *Avery* v. *Sorrell,* 157 *Ga.* 476 (1, 2), 121 S. E. 828), and assuming (but not deciding) that a material amendment made at the time the amendment was offered would have opened the default, we decide the precise question presented, by holding that the amendment amplifying the description of the property sued for "did not so change the plaintiff's petition as for the first time to make a particular defense available" (*Central Ry. Co.* v. *Waldo,* 6 *Ga. App.* 842, 65 S. E. 1099, and citations), that it did not materially change the cause of action or the defense, and that it could not in any event have had the effect of opening the default. Since the petition alleged that plaintiff "claims title" to the property, the plaintiff's amendment to meet the first ground of the demurrer was not called for by the law (*Van Dyke* v. *While Co.,* 33 *Ga. App.* 627, 127 S. E. 617) ; nor did the ruling of the court require it. Clearly it was immaterial.

*Judgment on main bill of exceptions affirmed; cross-bill dismissed. Broyles, C. J., and Bloodworth, J., concur.*