## 50803. ENTERPRISES NOW, INC. v. CITIZENS & SOUTHERN DEVELOPMENT CORPORATION.

DEEN, Presiding Judge.

The record reveals the following facts: appellee had a long history of financial dealings with the debtor, and had received a security interest in all of the inventory and equipment of the debtor. Upon learning that the debtor was planning to open a new store and fearing that it would be stocked with inventory in which it had a security interest, appellee obtained a financial statement from the debtor covering inventory and equipment in the new store; the financing statement was filed on June 5, 1972, but no value was given at that time for the statement. Meanwhile, on or about June 1, 1972, appellant agreed to loan debtor a sum of money taking a security interest in the same collateral covered by appellee's subsequent June 5 filing but appellant did not perfect its interest until June 27, 1972, when its financing statement was filed. On March 5, 1973, appellee and debtor finally reached a security agreement and a loan was made to debtor at that time, appellee subsequently filing another financing statement on March 12, 1973. On March 7, 1973, appellant filed a financing statement to secure another loan to debtor. The debtor having failed to meet its financial obligations to either appellee or appellant, the question arises: Which party has priority to the inventory and equipment? Appellant argues that the "first to perfect" rule controls and appellee urges that the "first to file" has priority.

Resolution of this issue must begin with Code Ann. § 109A-9—312, dealing with priorities among conflicting security interests in the same collateral. Subsection (5) of this provision provides that: (a) in cases where both interests are perfected by filing, the order of such filing determines priority; (b) in cases where perfection may be made other than by filing, the order of such perfection controls priority; and (c) in cases where no interest is perfected, the order of attachment of the security interest mandates priority. It is therefore clear that under our Uniform Commercial Code determining priority involves a two-prong determination: (1) *how* the security interest

is to be perfected and (2) *whether* the security interest has in fact been so perfected. The answer to the first question is easily found in Code Ann. § 109A-9—302 — the security interests in the case sub judice must be *filed* to be perfected.

The second question — whether the interests were in fact so perfected — is more difficult. As for appellant, we need look only to Code Ann. §§ 109A-9—303 and 109A-9—204. A security interest is perfected when it has attached and when, in this case, a proper filing is made. A security interest "attaches" when there is an agreement to that effect, value is given and the debtor has rights in the collateral. The point in time at which all of these requisites were met was June 27, 1972; after this date appellant was a perfected secured party with regard to debtor's inventory and equipment. Appellant was the first to "perfect" its security interest.

Under Code Ann. § 109A-9—402 a financing statement may be filed before a security agreement is made or a security interest attaches; such was the case with appellee's filing on June 5, 1972. However, as noted, filing alone does not equal perfection, for Code Ann. § 109A-9—303 also requires "attachment" of the security interest. With regard to appellee, its security interest "attached" (agreement, value, debtor rights in collateral) on March 5, 1973, when the loan was made to debtor. Code Ann. § 109A-9—303 specifically provides that when filing precedes attachment of the security interest, the interest is perfected at the *time of attachment;* therefore, having filed a financing statement on June 5, 1972, and the interest having attached on March 5, 1973, appellee had a perfected secured interest in debtor's inventory and equipment as of the latter date, though it was first to file.

Having determined that both appellant and appellee were perfected secured parties, we must turn to Code Ann. § 109A-9—312 to determine priority. Since both were perfected by filing it is clear Code Ann. § 109A-9—312 (5) (a) applies; the order of such filing determines priority. Appellee filed first even though it was perfected at a much later date than appellant, at the time some nine months later when its security interest "attached"; however, the statute specifically provides that priority of filing controls

whether the filing *precedes or follows* attachment. Our Uniform Commercial Code gives appellee priority in this situation as the first to file a financing statement covering the inventory and equipment.

The official comments of the Uniform Commercial Code provides that the justification for the rule "lies in the necessity of protecting the filing system — That is, of allowing the secured party who has first filed to make subsequent advances without each time having, as a condition of protection, to check for filings later than his." Official Comment 5 to § 9—312 of the Uniform Commercial Code. See also Example 1. Appellee being entitled to priority as a matter of law, there was no genuine issue as to any material fact. Summary judgment was properly granted to appellee.

*Judgment affirmed. Evans and Stolz, JJ., concur.*

ARGUED JUNE 30, 1975 — DECIDED SEPTEMBER 2, 1975.

*Patterson, Parks & Franklin, Clayton Sinclair, Jr.,* for appellant.

*Alston, Miller & Gaines, William C. Humphreys, Jr.,* for appellee.