### 52244. PEOPLES BANK OF BARTOW COUNTY v. NORTHWEST GEORGIA BANK et al.

Marshall, Judge.

This is an appeal by Peoples Bank of Bartow County (hereinafter Peoples Bank) from a bench trial and judgment in favor of the Northwest Georgia Bank (hereinafter Northwest) based upon the alleged denial of a jury trial as well as the denial of several motions filed by Peoples Bank. In essence, this case involves priority of security interests under Article 9 of the Uniform Commercial Code. Ga. L. 1962, pp. 156, 381 et seq. (Code Ann. Ch. 109A-9).

One Campbell was the common debtor of both Peoples Bank and Northwest. On October 16, 1973, Campbell executed to Northwest a promissory note granting a security interest in 100 unspecified head of registered black angus beef cattle located somewhere in Gordon County, Georgia. On February 15, 1974, Campbell signed a financing statement granting a security interest presumably in the same 100 head of registered black angus beef cattle located in Gordon County. This financing statement was also signed by one purporting to act for the creditor, Northwest. The financing statement was filed with the Clerk of the Superior Court of Gordon County on February 15, 1974. Subsequently, on August 2, 1975, Campbell executed and

delivered to Northwest a second security agreement apparently covering the same number of 100 head within 114 head of black angus cattle (the extra 14 seem to be the calf increase), wherein the 114 head of cattle were identified by sex and tattoo number. A second financing statement with the more descriptive identification was filed in the office of the Clerk of the Superior Court of Gordon County on August 4, 1975.

On June 13, 1974, and on August 1, 1974, Campbell executed and delivered to Peoples Bank a security interest in 80 and 100 unspecified head, respectively, of registered black angus cows with calves located on the Bill Campbell farm in Gordon County, Georgia, of an average weight of 900 pounds. Financing statements describing the collateral as above were filed by Peoples Bank in the office of the Clerk of the Superior Court of Gordon County on August 8, 1974, some five months after Northwest had filed its original financing statement in February, 1974, but a year preceding the filing of Northwest's second financing statement in August, 1975.

On September 30, 1975, Campbell being in default on all of the described indebtednesses, the Superior Court of Gordon County issued writs of immediate possession to both Northwest and Peoples Bank. On October 1, 1975, representatives of both Northwest and Peoples Bank met on Campbell's farm where Campbell maintained approximately 600 head of black angus cattle. It appears that Northwest obtained possession of cattle in excess of 100 head and Peoples Bank 180 or more head. Ultimately levy was made upon 102 black angus cattle and 30 calves. These cattle were sold on October 10, 1975, and the proceeds paid into the court. On November 3, 1975, Peoples Bank intervened in the foreclosure proceeding filed by Northwest, claiming that the description contained in Northwest's financing statement of February 15, 1974, constituted an insufficient description resulting in a null and void financing statement. Peoples Bank asserted that since Northwest's financing statement was null and void, its (Peoples Bank) financing statement of August 6, 1974, was the earliest valid one and constituted a prior claim to the 132 head sold on October 10, 1975. The trial court allowed the

intervention and required briefs on the question of priority. The trial court subsequently entered judgment in favor of Northwest as to its security interest in the 100 head of cattle and awarded to Northwest the proceeds arising from the sale of the 100 head.

Peoples Bank moved to set aside the judgment, to amend the verdict, to set aside the conclusions of law and to amend the findings of fact. The motions were all denied and this appeal followed. Peoples Bank enumerated five alleged errors. *Held:*

1. Peoples Bank enumerates as its first error that it never waived its right to a jury trial; consequently the trial court erred in rendering a verdict and judgment for Northwest without the intervention of a jury.

A close reading of the transcript in this case makes it quite clear that counsel for both parties considered the question of priority (including sufficiency of description) to be a question of law and submitted that issue to the trial court as a matter for its sole determination. While there appeared to be a reservation by Peoples Bank as to questions of fact, we are satisfied that the reservation extended to identity of specific cattle and then only in the event that the court determined Northwest's lien did have priority. The question of identity presented no issue, however, where the combined liens of both parties amounted to 280 cattle and the herd contained approximately 600 head. This left only the question of priority. *First Nat. Bank of Fitzgerald v. Spicer,* 10 Ga. App. 503 (1) (73 SE 753); *Van Dyke v. White Co.,* 33 Ga. App. 627 (127 SE 617). Since the sufficiency of description of property in a legal document is one of law for the court, there existed in this case no right to trial of this issue by a jury. *Williams v. Overstreet,* 230 Ga. 112, 116 (195 SE2d 906). In all actions not triable of right by a jury, CPA § 39 (Code Ann. § 81A-139) provides that the grant or denial of a jury trial is committed to the trial court's discretion with which the appellate courts normally refuse to interfere. See 5 Moore's Federal Practice, §§ 39.08, 39.09; 9 Wright & Miller, Federal Practice and Procedure: Civil § 2334. *National Health Services v. Townsend,* 130 Ga. App. 700, 702 (204 SE2d 299). Though counsel never expressly stipulated that the trial would

proceed by the court sitting without a jury, that intention was manifest. We conclude the trial court was warranted in treating the conduct of counsel as tantamount to an oral stipulation to proceed without a jury. We find no sufficient reason for our interference with the trial court's discretion in treating this as a bench trial and rendering judgment without intervention of a jury. *National Health Services v. Townsend,* supra.

2. In its second enumeration of error, Peoples Bank contends that Northwest's financing statement of February 15, 1974, was invalid because it was not signed by the secured party (Northwest) and because the description of the pledged property was so imprecise and insufficient as not to constitute notice to subsequent creditors.

Ga. L. 1962, pp. 156, 414; 1964, pp. 70, 72 (Code Ann. § 109A-9—402) in pertinent part provides: "(1) A financing statement is sufficient if it is signed by the debtor and the secured party, gives an address of the secured party from which information concerning the security may be obtained, gives a mailing address of the debtor and contains a statement indicating the types, or describing the items, of collateral."

In this case the financing statement of February 15, 1974, filed by Northwest showed as the debtor Bill Campbell of Calhoun, Georgia; as the secured party, Northwest Georgia Bank of Ringgold, Georgia; as the collateral one hundred head registered black angus beef cattle located in Gordon County, Georgia; and reflected the signature of Bill Campbell as well as a written signature purportedly representing the secured party.

Peoples Bank does not contest the signature of Campbell but does maintain that no signature of the secured party appears. In its brief Northwest identifies the signature appearing on the financing statement as that of one of its assistant cashiers. However, no such identification appears in the record. This lack of identity gives us no pause. A signature for one claiming to be the secured party appears. Moreover, "signed" includes any symbol executed or adopted by a party with present intention to authenticate a writing. UCC § 1-201 (39) (Code Ann. § 109A-1—201 (39)). The inclusion of

authentication in the definition of "signed" is to make clear that, as the term is used in the UCC, a complete signature is not necessary. "Authentication may be printed, stamped or written. . . It may be on any part of the document and in appropriate cases may be found in a bill head or letterhead. . ." UCC § 1-201, Comment 39, 1962 Official Text.

In the instant case, the signature or authentication consists not only of a written signature but of a clear typewritten identification of the secured party as Northwest Georgia Bank, Ringgold, Georgia. We conclude that a finding was authorized, if not demanded, that the printed name of Northwest satisfied the authentication of the statement as required by the UCC. *Kohlmeyer & Co. v. Bowen,* 126 Ga. App. 700, 704 (192 SE2d 400). See also Benedict v. Lebowitz, 346 F2d 120 (2 Cir., 1965).

The second facet of Peoples Bank's complaint in this enumeration is that the description of 100 head of black angus beef cattle located in Gordon County and showing Bill Campbell of Gordon County as the debtor was an insufficient description. We are constrained to note that the financing statement filed by Peoples Bank on August 1, 1974, described 100 head of registered black angus cows located on the Bill Campbell farm in Gordon County, of an average weight of 900 pounds.

While it is not wholly necessary that the physical description appearing of record be sufficient in itself to identify the property, it must raise a warning flag, as it were, providing a key to the identity of the property. *Yancey Bros. Co. v. Dehco, Inc.,* 108 Ga. App. 875, 877 (134 SE2d 828). In this case, Peoples Bank on August 1, 1974, took as collateral, 100 head of black angus beef cattle located on the Bill Campbell farm in Gordon County, for an indebtedness by Campbell. On file in the Superior Court of Gordon County as of that date was a financing statement showing that Bill Campbell of Calhoun, Georgia, was indebted to Northwest Georgia Bank of Ringgold, Georgia, and that pledged as collateral were 100 head of black angus beef cattle located in Gordon County. We believe this description in the recorded financing statement raised a warning flag concerning 100

head of black angus beef cattle. A person of ordinary business prudence could have learned from the Northwest Georgia Bank of Ringgold or from Bill Campbell, which data was provided in the financing statement of February 15, 1974, answers to questions which the data in the statement naturally tended to suggest. Such further inquiry could have led Peoples Bank to determine whether it was dealing with mortgaged property or not. *Yancey Bros. Co. v. Dehco, Inc.,* 108 Ga. App. 875, supra, p. 878. Such a description meets the sufficiency test of Code Ann. § 109A-9—110. *First Nat. Bank &c. Co. v. Olivetti Corp.,* 130 Ga. App. 896, 898 (204 SE2d 781).

3. The third and fourth enumerations of error complain of the findings of fact and conclusions of law made by the trial court. Enumeration number three avers that the court erred by concluding that the overriding issue was who first filed a sufficient financing statement. Ancillary to that determination, complaint is made in enumeration four that the court erroneously concluded that Northwest had a prior lien on 100 head of black angus beef cattle.

We have concluded in Division 2 of this opinion that there was sufficient description in the financing statement to meet the test of Code Ann. § 109A-9—110, and sufficient indicia of authentication to satisfy the requirement that the financing statement was signed by the secured party. These were matters of law to be determined by the trial court. Thus the only remaining question for resolution was which of two conflicting security interests properly filed was entitled to priority. Ga. L. 1962, pp. 156, 405 (Code Ann. § 109A-9—312), dealing with priorities, in pertinent part provides at section (5) ". . . priority between conflicting security interests in the same collateral shall be determined, as follows: (a) in the order of filing if both are perfected by filing, regardless of which security interest attached first . . . and whether it attached before or after filing. . ."

The facts disclose that Northwest filed its legally sufficient financing statement covering 100 head of black angus beef cattle on February 15, 1974. Peoples Bank laid claim to the same 100 head of cattle by the filing of its

statement on June 13 and August 1, 1974, some five and a half months later. The trial court decided the only question submitted to it, the sufficiency of the financing statement filed by Northwest. That decision also settled the questions of priority and the entitlement to the proceeds of the earlier sale. The court did not err in its findings of fact or conclusions of law. See *Enterprises Now, Inc. v. Citizens & Southern Development Corp.*, 135 Ga. App. 602 (218 SE2d 309).

4. In its final enumeration of error, Peoples Bank alleges the trial court erred in overruling its several motions to amend the findings of fact, conclusions of law, the form of the verdict, and to set aside the verdict and judgment. For the reasons stated in the earlier divisions of this opinion, the rulings of the trial court were legally appropriate and responsive to the issues presented. This final enumeration, in its several facets, is without substantial merit.

*Judgment affirmed. Pannell, P. J., and McMurray, J., concur.*

SUBMITTED JUNE 8, 1976 — DECIDED JUNE 25, 1976 — REHEARING DENIED JULY 9, 1976 — ▮▮▮▮▮▮▮▮

*Marson G. Dunaway, Jr.,* for appellant.
*John E. Wiggins, Clifton M. Patty, Jr.,* for appellees.