In re ENVIRONMENTAL ELECTRONIC SYSTEMS, INC., Debtor.

Ben C. ABNEY, Trustee, and Citizens and Southern Emory Bank, Plaintiffs,

v.

I. T. T. DIVERSIFIED CREDIT CORP., Defendant.

Bankruptcy No. B79–1377A.

United States Bankruptcy Court, N. D. Georgia, Atlanta Division.

June 25, 1981.

John C. Weitnaver, Alston, Miller & Gaines, Atlanta, Ga., for C & S Emory Bank.

James A. Stanfield, Johnson, Ward, Stanfield, Lanham & Carr, Atlanta, Ga., for ITT Diversified Credit Corp.

## ORDER

HUGH ROBINSON, Bankruptcy Judge.

This matter comes before the Court on motion for judgment on the pleadings filed by plaintiff C & S Emory Bank. The Court, having considered the motion, the briefs and documents submitted by the parties and the pleadings on file, makes the following decision.

### FINDINGS OF FACT

On August 15, 1979 Ben C. Abney, ("Trustee"), the trustee in bankruptcy for Environmental Electronic Systems, Inc., ("the Debtor"), filed a complaint to sell the Debtor's inventory and equipment free and clear of liens. Defendant I.T.T. Diversified

Credit Corp., ("ITT"), claims a security interest in the inventory sought to be sold. It is alleged by the Trustee that this security interest is voidable under Sections 60(b) and 67(a) of the Bankruptcy Act.

Citizens and Southern Emory Bank, ("C & S"), was allowed to intervene in this proceeding as a party plaintiff. C & S claims a security interest in the inventory and proceeds in which ITT claims an interest. It is alleged by C & S that the security interest of ITT was not properly perfected. C & S further contends that the lien of ITT is voidable under Section 60(b) of the Bankruptcy Act.

On November 30, 1979 C & S filed a motion for judgment on the pleadings on the issue of the perfection of ITT's security interest. An order denying this motion was entered by the Court on April 18, 1980. The decision addressed the preference issue as well as the perfection issue although the preference issue was not pursued in the motion filed by C & S.

On June 4, 1980 C & S filed a motion for reconsideration of the decision of April 18, 1980. It was contended that the only case cited in said Order on the only issue presented by the motion for judgment on the pleadings does not stand for the proposition for which it was cited, therefore the subsequent reasoning in the opinion is in error. The motion for reconsideration was granted by the Court on July 11, 1980.

## APPLICABLE LAW

■ C & S submitted with its motion a copy of an "Agreement for Wholesale Financing" entered into by ITT and the Debtor and three financing statements filed by ITT in Fulton, DeKalb and Cobb Counties respectively. If on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 of the F.R.Civ.P. Rule 12(c) of the F.R.Civ.P. Because no objection has been asserted to the introduction of the financial statements and financial agreement, and because these documents will facilitate the resolution of the issue before the Court, the motion for judgment on the pleadings shall be treated and disposed of as one for summary judgment.

C & S contends that the security interest claimed by ITT in all inventory of the Debtor is not perfected because the financing statement filed by ITT describes only inventory financed by ITT.

■ A financing statement must be filed in order to perfect a security interest in inventory. Ga.Code Ann. § 109A–9–302. Ga.Code Ann. § 109A–9–402 provides for the formal requisites of a financing statement. Under this statute a financing statement is required to: (1) give the names of the debtor and the secured party; (2) be signed by the debtor; (3) give an address of the secured party from which information concerning the security interest may be obtained; (4) give a mailing address of the debtor; and (5) contain a statement indicating the types, or describing the items, of collateral. Ga.Code Ann. § 109A–9–402(1). The issue in the instant case is the sufficiency of the description of collateral contained in the financing statements filed by ITT.

> Ga.Code Ann. § 109A–9–110 provides: "For the purposes of this Article any description of personal property or real estate is sufficient whether or not it is specific if it reasonably identifies what is described."

The physical description appearing in the financing statement does not have to be sufficient in itself to identify the property. It is sufficient if the description provides such a key to the identity of the property as would enable a person of ordinary business prudence, upon inquiry, to discover the actual identity of the property described. *Chapman v. Bank of Cumming*, 150 Ga.App. 85, 256 S.E.2d 601 (1979) vacated on other grounds 245 Ga. 261, 264 S.E.2d 201 (1980). *Peoples Bank of Bartow County v. Northwest Georgia Bank*, 139 Ga.App. 264, 228 S.E.2d 181 (1976); *Yancey Brothers Company v. Dehco, Inc.*, 108 Ga.App. 875, 134 S.E.2d 828 (1964); *United States v. Crittenden*, 600 F.2d 478 (5th Cir. 1979).

The items of property in which ITT claims a security interest are described in the financing statements filed by ITT as follows:

"Refrigerators, freezers, dish and clothes washers and dryers, ranges, water heaters and coolers, garbage disposers, vacuum cleaners, furniture, television sets, radios, phonographs, tape recorders, speakers, amplifiers, and any combination thereof, air conditioners, furnaces, humidifiers, dehumidifiers, air cleaners, heat pumps, organs, pianos, guitars, band instruments, motorcycles, and motorcycle accessories, power mowers, tillers, and other power lawn tools, snow blowers, tractors, snow vehicles, all terrain vehicles, boats, boat motors & boat trailers, camper bodies, camping trailers, travel trailers, motor homes & all furniture, appliances, floor coverings and fixtures contained therein & all other inventory or stock in trade of every kind and character including after acquired property, accounts, contract rights, and general intangibles arising from purchase of the foregoing items by debtor when such items have been financed by I.T.T. Diversified Credit Corporation.

All three of the financing statements are identical with the exception of the statement filed in Cobb County. That statement differs in only one word. The word "sale" appears where "purchase" appears in the phrase "accounts, contract rights, and general intangibles arising from purchase of the foregoing items..."

C & S argues that ITT failed to perfect its security interest with respect to all inventory because the financing statements filed by ITT do not sufficiently describe the collateral. It is contended that the phrase "when such items have been financed by ITT Diversified Credit Corporation" applies to the entire list of collateral, and therefore the financing statement perfected a security interest only in those items financed by ITT. In support of its argument C & S cites *In Re: Levine*, 6 U.C.C.Rep. 238 (D.Conn.1969). In that case a security agreement was executed which created a security interest in the debtor's present and future inventory, accounts receivable and contract rights. However, the financing statement described only present and future accounts receivable, inventory and proceeds. It was held by the court that a creditor is perfected only as indicated in the financing statement, therefore the security interest in contract rights was unperfected.

ITT contends that the phrase "when such items have been financed by ITT Diversified Credit Corporation" applies only to "contract rights and general intangibles arising from purchase of the foregoing items by debtor...", therefore ITT has a perfected security interest in all of the Debtor's inventory.

There does appear to be an ambiguity in the description of collateral in the three financing statements filed by ITT for the phrase "when such items have been financed by ITT Diversified Credit Corporation" could be read to apply to the entire list of property or only to contract rights and general intangibles arising from the purchase of the items listed. However, the test to be met here is whether the description of the collateral contained in the financing statement raises a warning flag that provides a key to the identity of the property described. *Peoples Bank of Bartow County v. Northwest Georgia Bank, supra.* After carefully scrutinizing the description of collateral contained in the three financing statements, the Court finds that the description is sufficient to alert a third party of the need for further inquiry concerning the exact identity of the collateral. Therefore, the Court concludes that the financing statements filed by ITT are sufficient to perfect a security interest in all of the Debtor's inventory whether or not financed by ITT.

## CONCLUSIONS OF LAW

1. The description of collateral contained in the three financing statements filed by ITT is sufficient to perfect a security interest in all of the Debtor's inventory whether or not financed by ITT.

2. Although there are no genuine issues of material fact remaining to be tried on the issue now before the Court, the Court concludes that the moving party is not entitled to judgment as a matter of law. It is therefore

ORDERED that this Court's Order entered April 18, 1980 shall be and same is hereby vacated and of no force or effect; and it is further

ORDERED that the motion of C & S for judgment on the pleadings, treated as a motion for summary judgment, shall be and same is hereby denied.