In re Herschell Kern KING, Barbara B. King, Debtors.

Herschell K. KING and wife Barbara B. King, Plaintiffs,

v.

HAMILTON FIRST BANK, Defendant.

Bankruptcy No. 3–82–00764.
Adv. No. 3–83–0050.

United States Bankruptcy Court,
E.D. Tennessee.

April 27, 1983.

Ambrose, Wilson & Grimm, Scott R. Fransen, Knoxville, Tenn., for plaintiffs.

Ridenour, Ridenour, Ridenour, Shumate & Lacy, Stephen R. Wise, Knoxville, Tenn., for defendant.

## MEMORANDUM

CLIVE W. BARE, Bankruptcy Judge.

In this adversary proceeding the debtors in possession, asserting the rights, powers and duties of a trustee in bankruptcy, 11 U.S.C.A. § 1107(a),[1] seek to avoid the alleged security interest of the plaintiff Hamilton First Bank in certain "disk drives." The debtor asserts the initial financing statement filed by the Bank is insufficient to cover the disk drives in that (1) the disk drives are not Digital Computer equipment, (2) the disk drives are not computer related accessories, and (3) the disk drives are after-acquired collateral, which is not covered by the financing statement. The Bank insists that its initial financing statement, filed in the office of the Secretary of State, substantially complies with the provisions

1. § 1107. Rights, powers, and duties of debtor in possession
 (a) Subject to any limitations on a trustee under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights, other

than the right to compensation under section 330 of this title, and powers, and shall perform all the functions and duties, except the duties specified in sections 1106(a)(2), (3), and (4) of this title, of a trustee serving in a case under this chapter.

of the Uniform Commercial Code; hence, the security interest is a perfected one. The facts are undisputed.

## I

On June 16, 1978, the debtors obtained a loan from the Bank to purchase certain equipment. A security agreement was executed by the debtors granting the Bank a security interest in "All computer equipment and computer related accessories owned by Herschell King, including but not limited to the following Digital Computer Equipment and related parts and accessories thereto ..." Following this general statement is a list of some 14 pieces of equipment showing serial numbers and descriptions. A financing statement was filed in the office of the Secretary of State on June 27, 1978. The financing statement covers the following types (or items) of property:

"All digital computer equipment and computer related accessories held by Debtor at its place of business at 140 E. Division Rd. Oak Ridge, Tenn. or any other location now or hereafter, including proceeds realized from Collateral, Inventory, etc, a description of which is more completely contained in a Security Agreement executed on even date here with."

On April 9, 1980, the debtors obtained an additional $35,000.00 from the Bank. A promissory note, security agreement and disclosure statement (one document) was executed. The security agreement grants the Bank a security interest in

300 MB Disk Drive, Serial # 10–40; 300 MB Disk Drive, Serial # 11–7, Pack, cabling and 4 Drive Controller.[2]

A financing statement was filed in the office of the Register of Deeds for Anderson County, Tennessee, on April 16, 1980. The Bank concedes this filing does not meet the requirements of the Uniform Commercial Code.[3]

Since the latter filing is insufficient to perfect the Bank's security interest in the disk drives, the Bank is forced to rely upon its financing statement previously filed in the office of the Secretary of State covering "All digital computer equipment and computer related accessories ..." It cannot be disputed that this financing statement was still in force when the debtors' Chapter 11 case was filed. With exceptions not pertinent, a "... filed financing statement is effective for a period of five (5) years from the date of filing." T.C.A. § 47–9–403(2) (1979). Thus, the question presented is whether the description in the statement meets the requirements of the Code.

## II

T.C.A. § 47–9–402(1) (1979) states that a financing statement is sufficient if it "... contains a statement indicating the types, or describing the items, of collateral." A portion of Comment 2 of this section is quite instructive:

OFFICIAL TEXT

What is required to be filed is not, as under chattel mortgage and conditional sales acts, the security agreement itself, but only a simple notice which may be filed before the security interest attaches or thereafter. The notice itself indicates merely that the secured party who has filed may have a security interest in the collateral described. *Further inquiry from the parties concerned will be necessary to disclose the complete state of affairs....* Notice filing has proved to be of great use in financing transactions involving inventory, accounts and chattel paper, since it obviates the necessity of refiling on each of a series of transactions in a continuing arrangement where the

---

**2.** Specific arguments in plaintiffs' brief are limited to the perfection of the Bank's security interest in the disk drives. The remaining items are not expressly mentioned.

**3.** The proper place to file in order to perfect a security interest is as follows:

. . . .

(c) in all other cases [equipment], in the office of the secretary of state.

T.C.A. § 47–9–401(1) (1979).

**4**

collateral changes from day to day. Where other types of collateral are involved, the alternative procedure of filing a signed copy of the security agreement may prove to be the simplest solution. (Emphasis added.)

The necessity of further inquiry by an interested party is illustrated by *In re Richards,* 455 F.2d 281 (6th Cir.1972), a case involving two security agreements executed to secure the balance due on the purchase price of two tractor trucks. Both financing statements at issue in *Richards* were duly recorded, and each contained the name, address, and signature of both the debtor and the secured creditor, as well as the name and address of the assignee International Harvester Co. However, the sufficiency of the following descriptions was challenged:

| 1969—COF 4070A | 1968 COF 4000D– |
|---|---|
| Serial No. 259471 G 331904 | 359471 G 288307 |

("COF" is an abbreviation describing a tractor model known as "cab over tandum.")

Construing a Michigan statute identical to Tenn.Code Ann. § 47–9–402(1) (1979), the Sixth Circuit Court of Appeals, after observing the information furnished was correct, concluded the descriptions were adequate to alert an interested party that International Harvester had a security interest in the "property described." 445 F.2d at 284. The court explained that any interested party need only make inquiry to obtain complete information regarding "the nature and extent of [International Harvester's] claim and the property embraced in the agreement." 445 F.2d at 284.

■ This court likewise believes the description in the Bank's first financing statement was sufficient to alert interested parties that the Bank might claim a security interest in the disk drives at issue. See *In re Envtl. Elec. Systems,* 11 B.R. 965 (Bkrtcy.N.D.Ga.1981). Upon inquiry an interested party presumably would have been informed by the office of the Tennessee Secretary of State that Hamilton First National Bank asserted a security interest in "All digital computer equipment and computer related accessories held by [Herschell King] . . . now or hereafter." Such information would prompt an interested party of ordinary business prudence [4] to contact the Bank to determine whether the Bank claimed a security interest in the disk drives.

■ Plaintiffs also assert the Bank's financing statement does not extend to after-acquired collateral, such as the disk drives. The Bank admits the language in its first financing statement describing the collateral is "inartfully drafted and even grammatically incorrect." Defendant's Trial Brief at 5. Yet, the error appears to be limited to the omission of either the word "acquired," or "owned," or some other word similar in meaning. A financing statement containing minor errors is nonetheless effective if it substantially complies with the requirements of Tenn.Code Ann. § 47–9–402 (1979) and the errors are not seriously misleading. Tenn.Code Ann. § 47–9–402(5) (1979). Furthermore, even assuming *arguendo* that some ambiguity exists, the description was adequate to afford notice to interested parties that the Bank claimed a security interest in plaintiffs' computer equipment. See *In re Wilson,* 13 U.C.C.Rep.Serv. 1195 (Bankr.E.D.Tenn.1973).

The Bank's security interest in the disk drives, pack, cabling and 4 drive controller is perfected.

This Memorandum constitutes findings of fact and conclusions of law, Bankruptcy Rule 752.

---

4. An interested party having sophisticated or perhaps even marginal knowledge of computer equipment presumably would have known that the disk drives were not digital computer equipment. However, the court declines to presume a person of ordinary business prudence necessarily has some familiarity with computer equipment. Furthermore, the court is not convinced that the disk drives and other items could not be considered "computer related accessories."